198

■ APPALACHIAN INSURANCE COMPANY, Respondent, v GENERAL ELECTRIC COMPANY, Appellant, and RIUNIONE ADRIATICA DISICURTA, Also Known as ADRIATIC INSURANCE COMPANY, et al., Respondents, et al., Defendants. (And a Third-Party Action.) [796 NYS2d 609]—

Order and judgment (one paper), Supreme Court, New York County (Ira Gammerman, J.), entered December 23, 2003, inter alia, declaring that certain of the excess insurers are not obligated to defend or indemnify the insured with respect to any single claim that does not exceed $5 million, unanimously affirmed, with costs.

Under the subject policies, the availability of excess coverage is triggered by an "occurrence," defined as "an accident, event, happening or continuous or repeated exposure to conditions . . . which results in personal injury, sickness, disease or death." For the purpose of determining the attachment point of the excess coverage, the motion court correctly held that such clause is not ambiguous; that the operative "occurrence" is the last link in the causal chain leading to liability, i.e., the exposure of each individual claimant to asbestos contained in the turbines manufactured by the insured, rather than earlier events creating the potential for future injury, i.e., the insured's design, manufacture and sale of the turbines without warnings about asbestos; and that, accordingly, individual claims could not be aggregated (see *Metropolitan Life Ins. Co. v Aetna Cas. & Sur. Co.*, 255 Conn 295, 765 A2d 891 [2001]). We have considered the insured's other arguments and find them unavailing. Concur—Saxe, J.P., Marlow, Sullivan, Williams and Gonzalez, JJ.